IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL ELECTION COMMISSION<br>1050 First Street NE<br>Washington, DC 20463,<br><br>    Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Campaign Legal Center ("CLC") filed an administrative complaint with the Federal Election Commission ("FEC" or "Commission") on September 12, 2019, alleging that in the weeks leading up to the November 2018 election unknown persons violated federal election law through a series of Facebook ads that expressly advocated for Green Party candidates in five competitive U.S. Senate and House races. These expenditures were not reported to the FEC, in violation of 52 U.S.C. § 30104(c), and did not disclose the identity of the individual or individuals who paid for the communications, in violation of 52 U.S.C. § 30120(a). The ads, which reached hundreds of thousands of Facebook users, were attributed to an entity called "America Progress Now" ("APN"). APN does not appear to exist beyond its fleeting presence on Facebook, and has fallen silent since its 2018 election spending. It does not appear to have a website or corporate records, and the street address associated with the Facebook page showed no evidence of the entity's existence.

1

The 2020 election is now underway, but the FEC has taken no action on CLC's administrative complaint. Plaintiff requests this Court declare that the FEC has acted contrary to law on account of its failure to act, and order the FEC to conform within 30 days by acting on Plaintiff's administrative complaint. *See* 52 U.S.C. § 30109(a)(8)(A). If the FEC does not or cannot conform within 30 days, the Federal Election Campaign Act ("FECA") authorizes Plaintiff to commence a civil action against APN to enforce the campaign finance laws.

\*   \*   \*

(1) This is an action under FECA, 52 U.S.C. § 30109(a)(8)(A). Plaintiff seeks injunctive and declaratory relief to compel Defendant FEC to act on Plaintiff's administrative complaint regarding APN's failure to report digital independent expenditures to the FEC in violation of 52 U.S.C. § 30104(c) and omission of required disclaimer information on ads in violation of 52 U.S.C. § 30120(a)(3).

(2) On September 12, 2019, CLC and Margaret Christ (an individual) filed with the FEC an administrative complaint showing that, during the 2018 midterm election cycle, John Doe, Jane Doe, and/or other persons who created and operated APN made unreported expenditures and omitted required ad disclaimers in violation of FECA. *See* FEC Matter Under Review ("MUR") 7643 ("Admin. Complaint") (attached as Exhibit 1).

(3) FECA provides administrative complainants with a right of action against the FEC if the FEC fails to act on a complaint within 120 days, at which point, "the court may declare that . . . the failure to act is contrary to law and may direct the Commission to conform with such declaration within 30 days, failing which the complainant may bring, in the name of such complainant, a civil action to remedy the violation involved in the original complaint." 52 U.S.C.

§ 30109(a)(8)(C). More than 165 days have passed since Plaintiff filed the administrative complaint.

(4) By statute, many of the actions taken by the FEC with respect to an administrative complaint require a vote of at least four FEC Commissioners. *See, e.g.*, 52 U.S.C. § 30109(a)(2); 11 C.F.R. § 111.9(a). The FEC has had only three Commissioners since Commissioner Matthew Petersen resigned on August 31, 2019, and therefore has lacked a quorum to act on administrative complaints since that time. Thus, the Commission has lacked a quorum to act on Plaintiff's administrative complaint during the entire time it has been pending.

## JURISDICTION AND VENUE

(5) This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 52 U.S.C. § 30109(a)(8)(A). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 52 U.S.C. § 30109(a)(8)(A).

## PARTIES

(6) CLC is a nonpartisan, nonprofit 501(c)(3) organization headquartered in Washington D.C., whose mission is to protect and strengthen the U.S. democratic process through research, education, litigation, and other legal advocacy. CLC participates in judicial and administrative matters throughout the nation regarding campaign finance, voting rights, redistricting, and government ethics issues. CLC's work on campaign finance-related issues, including public education, litigation, administrative advocacy and enforcement, and legislative reform efforts, depends on accurate reporting of federal election expenditures as required by statute. This work is obstructed where, as here, campaign-finance information subject to mandatory disclosure under FECA is not available.

(7)     Defendant Federal Election Commission is an independent federal agency charged with the administration and civil enforcement of FECA. 52 U.S.C. § 30106.

## BACKGROUND

### *Introduction*

(8)     Digital political spending is on the rise with nearly $2.8 billion in projected digital ad spending in 2020.[1] Without clear application and enforcement of disclosure and disclaimer requirements to digital advertising, any individual or entity, foreign or domestic, could meddle in U.S. elections at any scale, without fear of disclosure or enforcement. The risk of large-scale noncompliance with federal disclaimer and disclosure laws, and thus interference by unknown actors in federal elections, will only continue to grow as digital ad spending increases and the Commission's inability to enforce FECA persists.

(9)     Unregulated digital advertising threatens our elections, including the 2020 election now in progress. Disclosure requirements not only ensure that voters and candidates are able to evaluate messages and understand the agenda behind them, but are critical to enforcement of other aspects of FECA, including prohibitions on foreign spending, excess contributions, and coordination. Without effective oversight and prompt enforcement of campaign finance laws, unreported and undisclosed entities like America Progress Now can pop into existence just prior to an election, exploit lax registration and reporting requirements by digital platforms, make unlimited expenditures on behalf of or in opposition to candidates, and then disappear again once the election is over, with little to no evidence they ever existed, beyond the advertisements themselves. Efforts to police digital spending on federal elections by platforms such as Facebook

---

[1] Alexandra Bruell, *Political Ad Spending Will Approach $10 Billion in 2020, New Forecast Predicts,* WALL ST. J. (June 4, 2019), https://www.wsj.com/articles/political-ad-spending-will-approach-10-billion-in-2020-newforecast-predicts-11559642400.

4

are informed by federal law. In 2019, Facebook announced that "[i]f we are made aware of an ad that is in violation of a law, we will act quickly to remove it."[2] For this and similar efforts to be effective in monitoring digital political spending in advance of the 2020 elections, there must be a clear signal—both to political actors and to platforms—about the application of federal law's disclaimer and disclosure requirements to digital independent expenditures.

(10)   In the weeks preceding the 2018 midterm election, John Doe, Jane Doe, and/or other persons set up and used the Facebook page America Progress Now to pay for independent expenditure ads on Facebook that expressly advocated for the election of federal candidates in U.S. Senate races in Michigan and Missouri, and in U.S. House races in Illinois, Iowa, and Ohio. According to Facebook's Ad Library, APN spent enough money on advertising to trigger mandatory reporting with respect to at least some of those federal candidates' elections, but did not report any such expenditures, in violation of FECA.

(11)   APN does not appear to be a legal person as it does not appear in corporate records or Commission records, does not appear to have a website, and the apartment building listed on its Facebook page has no record of the entity's existence. Because APN is not a real entity, it could not have paid for the independent expenditures. Consequently, the ads run by APN failed to include the FECA-required disclaimers identifying the actual person(s) paying for them.

---

[2] Sarah Schiff, *Offering Greater Transparency for Social Issue, Electoral or Political Ads in More Countries,* FACEBOOK (June 25, 2019), https://newsroom.fb.com/news/2019/06/offering-greater-transparency/. Facebook also announced that for the 2020 cycle it will grant a "Confirmed Organization" tag to political advertisers who provide an FEC identification number, but there is no indication that Facebook will be independently verifying whether an entity should be reporting its expenditures to the Commission. Katie Harbath & Sarah Schiff, *Updates to Ads About Social Issues, Elections or Politics in the US*, FACEBOOK (Aug. 28, 2019), https://newsroom.fb.com/news/2019/08/updates-to-ads-about-social-issues-elections-or-politics-in-the-us/.

### *Summary of the Law*

(12)   Independent expenditures are expenditures for communications that expressly advocate the election or defeat of a clearly identified federal candidate and are not coordinated with a candidate or political party. 52 U.S.C. § 30101(17); 11 C.F.R. § 100.16(a); *see also* 11 C.F.R. § 100.22 (defining "expressly advocating").

(13)   FECA requires that a person that makes independent expenditures "in an aggregate amount or value in excess of $250 during a calendar year" with respect to a particular election must file a statement with the Commission to report the political spending. 52 U.S.C. § 30104(c)(1). The statement must disclose, among other things, "the identification of each person who made a contribution in excess of $200 to the person filing such statement which was made for the purpose of furthering an independent expenditure." 52 U.S.C. § 30104(c)(2)(C). Independent expenditure advertisements placed on Facebook are subject to FECA's reporting requirements. *See* FEC Advisory Op. 2011-28 (Feb. 3, 2012), https://www.fec.gov/files/legal/aos/2011-28/AO-2011-28.pdf.

(14)   All public communications that expressly advocate the election of a clearly identified federal candidate must include a disclaimer identifying who paid for the communication, and whether the communication was authorized by a candidate. 52 U.S.C. § 30120(a); 11 C.F.R. § 110.11(c)(1). A disclaimer on such a communication that is not paid for or authorized by a candidate must "clearly state the full name and permanent street address, telephone number, or World Wide Web address of the person who paid for the communication and state that the communication is not authorized by any candidate or candidate's committee." 52 U.S.C. § 30120(a)(3); *see also* 11 C.F.R. § 110.11(b)(3). The term "public communication" includes "communications placed for a fee on another person's Web site." 11 C.F.R. § 100.26. A person

paying for a public communication on Facebook that expressly advocates the election of a clearly identified federal candidate must include all disclaimer information specified by 52 U.S.C. § 30120(a). FEC Advisory Op. 2017-12 (Dec. 15, 2017), https://www.fec.gov/files/legal/aos/2017-12/2017-12.pdf.

(15)   FECA requires that "[i]f the Commission, upon receiving a complaint . . . has reason to believe that a person has committed, or is about to commit, a violation of [FECA] . . . [t]he Commission *shall* make an investigation of such alleged violation." 52 U.S.C. § 30109(a)(2) (emphasis added); *see also* 11 C.F.R. § 111.4(a).

(16)   If the Commission fails to act on such a complaint within 120 days, the complainant may file a federal lawsuit to compel the Commission to act. 52 U.S.C. § 30109(a)(8)(A). The court may declare the "failure to act is contrary to law," and may order the Commission to conform within 30 days. *Id.* § 30109(a)(8)(C). If the Commission fails to conform, the Plaintiff-Complainant may bring a civil action to remedy the violations. *Id.*

### *Facts*

(17)   On October 15, 2018, approximately three weeks before that year's midterm elections, an unknown person or persons created the Facebook page "America Progress Now."[3]

(18)   Beginning on October 27, John Doe, Jane Doe, and/or other persons used the APN Facebook page to pay for independent expenditure ads on Facebook expressly advocating the election of Green Party U.S. Senate candidates in Michigan and Missouri and congressional candidates in Illinois, Iowa, and Ohio. According to Facebook's political ad archive, these ads ran until November 6, 2018, the date of the 2018 midterm elections, collectively generated between

---

[3]   America Progress Now Group Page, FACEBOOK, https://www.facebook.com/AmericaProgressNow/ (last visited Feb. 27, 2020).

248,003 and 882,997 impressions, and all displayed the disclaimer "Paid for by America Progress Now."[4]

(19)    Specifically, APN paid for ads expressly advocating the election of Michigan U.S. Senate candidate Marcia Squier that respectively cost up to $100 (for an ad that ran Oct. 27-Nov. 6),[5] up to $100 (for another ad in that period),[6] and between $100 and $499 dollars (for a similar ad that ran on Nov. 5-6).[7] APN paid for ads expressly advocating the election of Missouri U.S. Senate candidate Jo Crain that respectively cost between $100 and $499 and up to $100 (for two ads that ran Oct. 27-Nov. 6),[8] between $100 and $499 dollars (for an ad that ran on Nov. 5-6),[9] and up to $100 (for a similar ad that ran Oct. 28-Nov.6).[10] APN paid for an ad expressly advocating the election of Illinois U.S. House candidate Randall Auxier that cost between $100 and $499 (for

---

[4] America Progress Now, Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?active_status=all&ad_type=all&country=US&impression_search_field=has_impressions_lifetime&view_all_page_id=751228941880577 (last visited Feb. 27, 2020).

[5] America Progress Now, *Turn up to VOTE for Marcia Squier for U.S. Senate…,* (disseminated Oct. 27, 2018 – Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=275452083169915.

[6] America Progress Now, *No one in the race for Senate will work as hard to represent middle America than Marcia Squier…,* (disseminated Oct. 27, 2018 – Nov. 6, 2018), Facebook Ad Library, FACEBOOK , https://www.facebook.com/ads/library/?id=360580024685361.

[7] America Progress Now, *No one in the race for Senate will work as hard to represent middle America than Marcia Squier…*, (disseminated Nov. 5, 2018 – Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=314620729132871.

[8] America Progress Now, *Vote Jo Crain for senate in Missouri…*, (disseminated Oct. 27, 2018 – Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=434267560436150.

[9] America Progress Now, *Vote Jo Crain to Represent Missouri in the U.S. Senate!*, (disseminated Nov. 5, 2018 – Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=2300906686649334.

[10] *Id*.

an ad that ran Oct. 27-Nov. 6).[11] APN paid for an ad expressly advocating the election of Iowa U.S. House candidate Paul Knupp that cost between $100 and $499 (for an ad that ran Oct. 27-Nov. 6).[12] APN paid for two ads expressly advocating the election of Ohio U.S. House candidate Joe Manchik that each cost between $100 and $499 (for ads that ran from Oct. 27-Nov. 6).[13] Additionally, APN ran ads, including one featuring federal candidate Senator Bernie Sanders, encouraging voters to vote for "Progressive values" rather than for a party,[14] encouraging voters to vote for third parties,[15] expressing support for democratic socialism in general,[16] and expressly advocating for state candidates.[17]

---

[11] America Progress Now, *VOTE Randy Auxier for Congress, Illinois District 12!*, (disseminated Oct. 27-Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=257380568295354.

[12] America Progress Now, *Support & VOTE for Paul Knupp…*, (disseminated Oct. 27-Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=2047494022227718.

[13] America Progress Now, *VOTE Joe Manchik for Congress…*, (disseminated Oct. 27-Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=1929229497159710; America Progress Now, *Vote Joe Manchik on November 6th…*, (disseminated Oct. 27-Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=426095241252721.

[14] America Progress Now, *Bernie Sanders is leading the way…*, (disseminated Nov. 5-Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=800394020324224.

[15] America Progress Now, *Vote 3rd Party!*, (disseminated Oct. 27-Nov. 6, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=2272359999504915; *see also* America Progress Now, *Break free from the two-party lie…Vote Third Party.*, (disseminated Nov. 6-Nov. 13, 2018), Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?id=526582224477417.

[16] America Progress Now, Facebook Ad Library, FACEBOOK, https://www.facebook.com/ads/library/?active_status=all&ad_type=all&country=US&impression_search_field=has_impressions_lifetime&view_all_page_id=751228941880577 (last visited Feb. 27, 2020).

[17] *Id*.

9

(20) Spending information listed in Facebook's Ad Library provides ranges (*e.g.* $100-$499) rather than discrete amounts. However, the aggregation of those ranges in each race for which APN placed advertisements suggests that APN spent in excess of $250 in independent expenditures with respect to at least some of the featured federal candidates' elections.

(21) APN has not reported any of these independent expenditures to the Commission,[18] nor does it appear that any other filer has reported the independent expenditures that ran under the America Progress Now name.[19]

(22) APN's independent expenditures ran through the November 6, 2018 election. The Facebook page's last ads stopped running on November 13, 2018; APN has not run additional ads or made other posts since that date.

(23) According to reporting by *ProPublica* and *Vice News*, the landlord and tenants of the building APN listed as its address had never heard of APN and denied that any tenants of that name were in the building. APN removed that address from its page after *ProPublica* and *Vice News* contacted the page.[20]

---

[18] Search results for "America Progress Now," FEC, https://www.fec.gov/search/?type=candidates&type=committees&type=site&query=america+progress+now (last visited Feb. 27, 2020).

[19] No filer or committee reported independent expenditures in support of any of the five candidates whom America Progress Now supported. *See* FEC, Independent Expenditures (24- and 48-hour reports), https://www.fec.gov/data/independent-expenditures/?data_type=processed&is_notice=true&candidate_id=H6OH12119&candidate_id=H6MI14229&candidate_id=S8MO00327&candidate_id=H8IL12152&candidate_id=H8IA03140 (last visited Feb. 27, 2020).

[20] Jeremy Merrill & William Turton, *A Mysterious Facebook Group Is Using Bernie Sanders' Image to Urge Democrats to Vote for the Green Party*, PROPUBLICA and VICE NEWS (Nov. 5, 2018), https://www.propublica.org/article/a-mysterious-facebook-group-is-using-bernie-sanders-image-to-urge-democrats-to-vote-for-the-green-party.

(24) No organization with the name America Progress Now exists in the LexisNexis corporate filings database,[21] nor does it appear in state corporate records databases in New York, Delaware, Washington, D.C., or Maryland.[22] APN does not appear to have a website, and search engine results provide no evidence of APN's existence outside of the now-dormant Facebook group.

(25) Therefore, Jane Doe, John Doe, and/or other persons who created and operated APN failed to include a disclaimer on the ads that "clearly state[d] the full name and permanent street address, telephone number, or World Wide Web address of the person who paid for the communication." 52 U.S.C. § 30120(a)(3).

(26) Furthermore, because the person or persons behind the APN ads are unknown, there is no way to determine whether these are the only expenditures made by that person or those persons in support of these candidates or against their opponents, or whether the expenditures were made in coordination with any candidate or candidate committee.

**ADMINISTRATIVE PROCEEDINGS**

(27) On September 12, 2019, CLC and an individual, Margaret Christ, filed a complaint with the FEC against John Doe, Jane Doe, and/or other persons who created and operated APN

---

[21] LexisNexis, *Corporate Filings Search Form,* http://help.lexisnexis.com/tabula-rasa/pubrec/search?lbu=US&locale=en_US&product=pubrec&audience=all&pageLength=-1&queryString=America+Progress+Now&Click+the+Search+button+to+submit+your+search+query.x=57&Click+the+Search+button+to+submit+your+search+query.y=6 (last visited Feb. 27, 2020).

[22] NY Department of State Division of Corporations, *Corporation and Business Entity Database*, https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY (last visited Feb. 27, 2020); Delaware Division of Corporations, *Entity Name Search,* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited Feb. 27, 2020); DC Department of Consumer and Regulatory Affairs, *Business Filings Search,* https://corponline.dcra.dc.gov/Home.aspx/ProcessRequest (last visited Feb. 27, 2019); *see also* Maryland Business Express, *Business Entity Search,* https://egov.maryland.gov/BusinessExpress/EntitySearch (last visited Feb. 27, 2020).

seeking enforcement against the unreported digital independent expenditures, 52 U.S.C. § 30104(c), and omissions of required disclaimer information, 52 U.S.C. § 30120(a)(3).

(28) On September 18, 2019, the FEC sent CLC and Christ a letter acknowledging receipt of the complaint and designating it MUR 7643.

(29) The Commission, which has lacked a quorum since the administrative complaint was filed, has taken no action on MUR 7643.

## CAUSE OF ACTION

## FECA, 52 U.S.C. § 30109(a)(8)(A)

(30) Plaintiff repeats and realleges paragraphs 1-29.

(31) Defendant's failure to act on Plaintiff's Administrative Complaint is contrary to law. *See* 52 U.S.C. § 30109(a)(8)(A).

## REQUESTED RELEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the FEC's failure to act on Plaintiff's Administrative Complaint is contrary to law under 52 U.S.C. § 30109(a)(8)(A);

(2) Order the FEC to conform with this declaration within 30 days pursuant to 52 U.S.C. § 30109(a)(8)(C);

(3) Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

(4) Grant such other relief the Court may deem just and proper.

| | |
|---|---|
| February 27, 2020 | Respectfully submitted,<br><br>/s/ Adav Noti_____<br>Adav Noti (DC Bar No. 490714)<br>Mark P. Gaber (DC Bar No. 988077)<br>Molly E. Danahy (DC Bar No. 1643411)<br>CAMPAIGN LEGAL CENTER<br>1101 14th Street NW, Ste. 400<br>Washington, DC 20005<br>(202) 736-2200<br>anoti@campaignlegal.org<br>mgaber@campaignlegal.org<br>mdanahy@campaignlegal.org |