**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAMPAIGN LEGAL CENTER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>FEDERAL ELECTION COMMISSION,  )<br>)<br>Defendant.  )<br>) | Civ. No. 20-588 (BAH)<br><br>RESPONSE TO ORDER<br>TO SHOW CAUSE |

**FEDERAL ELECTION COMMISSION'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Federal Election Commission ("Commission" or "FEC") hereby responds to the Court's May 14, 2020 Order to Show Cause why the motion for default judgment filed by plaintiff Campaign Legal Center ("CLC") should not be granted. On July 16, 2020, CLC voluntarily dismissed this lawsuit. CLC's motion for default judgment is thus moot and this case is closed, but the Commission nevertheless provides this response for the benefit of the record and the Court.

On September 12, 2019, CLC and an individual named Margaret Christ filed an administrative complaint with the FEC against then unknown individuals operating a Facebook page called America Progress Now ("APN"). Compl. for Declaratory and Injunctive Relief ("Compl.") ¶ 2 (Docket No. 1); Administrative Compl., https://www.fec.gov/files/legal/murs/7643/7643_01.pdf; *see also* 52 U.S.C. § 30109(a)(1) (providing that any person may file an administrative complaint with the Commission alleging a violation of the Federal Election Campaign Act). That administrative complaint alleged that APN failed to disclose certain Facebook ads as independent expenditures, in violation of 52 U.S.C. § 30104(c), and failed to include required disclaimers and information on the ads, in violation of 52 U.S.C. § 30120(a), in

connection with the 2018 congressional elections.  (Compl. ¶¶ 10-11, 19-21, 25-27; Administrative Compl.)  On February 27, 2020, CLC filed this action under 52 U.S.C. § 30109(a)(8), alleging that the FEC had failed to act on its administrative complaint, and seeking declaratory and injunctive relief to compel the FEC to act on its administrative complaint.  (Compl. ¶¶ 1, 29, Requested Relief ¶ 1.)

FECA requires that at least four commissioners affirmatively vote in favor of certain decisions before the Commissioners may take certain actions, including whether to defend any claim brought under 52 U.S.C. § 30109(a)(8). *See* 52 U.S.C. §§ 30106(c), 30107(a)(6); FEC Directive 10 ¶ B (Dec. 20, 2007), https://www.fec.gov/resources/cms-content/documents/directive_10.pdf.  The FEC has established four as the number of commissioners that must be present for the body to consider and resolve FECA matters.  FEC Directive 10 ¶¶ B, L (Dec. 20, 2007), https://www.fec.gov/resources/cms-content/documents/directive_10.pdf.  At the time CLC filed its court complaint, the Commission lacked a sufficient number of commissioners to consider whether to authorize defense of this lawsuit because fewer than four were then serving.  That lack of quorum began on September 1, 2019, upon the resignation of former Commissioner Matthew Petersen.  *See* FEC Press Release, Matthew Petersen to Depart Federal Election Commission (Aug. 26, 2019), https://www.fec.gov/updates/matthew-petersen-depart-federal-election-commission/.

Because the Commission could not appear to defend against CLC's complaint in this action, on May 5, 2020, CLC moved for entry of default against the Commission (Pl.'s Aff. in Supp. of Default (Docket No. 10)), and the Clerk entered default on May 6, 2020 (Default (Docket No. 11).)  This Court ordered the Commission to show cause why a default judgment

should not be entered against the Commission by July 20, 2020.  (Minute Orders dated May 14, 2020 and June 3, 2020.)

The Commission regained a quorum of four Commissioners on June 5, 2020, when Commissioner James E. Trainor III was sworn into office.  *See* FEC Press Release, James E. Trainor III Sworn in as Commissioner (June 5, 2020), https://www.fec.gov/updates/james-e-trainor-iii-sworn-commissioner/.  On June 23, 2020, the Commission voted four-to-zero to dismiss CLC's administrative complaint based on prosecutorial discretion.[1]  (Certification for Matter Under Review ("MUR") 7643, https://www.fec.gov/files/legal/murs/7643/7643_06.pdf.)  The Commission also adopted a Factual and Legal Analysis explaining that it had elected in its discretion not to pursue enforcement of the underlying administrative complaint.  (Notification Letter and Factual and Legal Analysis for MUR 7643 at 3-4, 6, https://www.fec.gov/files/legal/murs/7643/7643_08.pdf.)  On or about July 8, 2020, CLC received notification of the Commission's dismissal decision.  (*Id*.)

As this timeline shows, the Commission's lack of a quorum at the time this action was filed prevented it from responding to the complaint.  After regaining a minimum of four Commissioners, the Commission promptly prepared to appear in this matter.  CLC's voluntary dismissal of this action on July 16, 2020, however, renders it unnecessary for this Court to rule on CLC's motion for a default judgment that was the subject of the Court's Order to Show Cause.

---

[1] Former FEC Commissioner Caroline Hunter subsequently resigned effective July 3, 2020, and the FEC again lost its quorum until another Commissioner is confirmed by the United States Senate.  *See* FEC Press Release, Caroline C. Hunter to Depart Federal Election Commission (June 26, 2020), https://www.fec.gov/updates/caroline-c-hunter-depart-federal-election-commission/.

Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov | Jacob S. Siler (D.C. Bar No. 1003383)<br>Acting Assistant General Counsel<br>jsiler@fec.gov |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | /s/ *Tara J. Kilfoyle*<br>Tara J. Kilfoyle (D.C. Bar No. 496828)<br>Attorney<br>tkilfoyle@fec.gov |

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
(202) 694-1650

July 20, 2020